Filed 6/1/15  Kaiser Found. Health Plan v. Guthrie CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN et al., | B257774 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. PS015083) |
| v. | |
| MICHAEL GUTHRIE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Stephen Pfahler, Judge.  Affirmed.

Michael Guthrie, in pro. per., for Defendant and Appellant.

Carroll, Kelly, Trotter, Franzen, McKenna & Peabody, Michael J. Trotter, Brenda M. Ligorsky and David P. Pruett for Plaintiffs and Respondents.

\* \* \* \* \* \* \* \*

This is an appeal from an order confirming an arbitration award and denying a request to vacate the award. Respondents Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group (Kaiser) moved for an order confirming the arbitration award. Appellant Michael Guthrie asked the court to vacate the award. Mr. Guthrie argued the award was obtained by fraud or other undue means and the misconduct of the arbitrator caused him substantial prejudice. The trial court decided "there is no basis for a finding that the award was obtained by fraud or undue means, that the arbitrator committed any misconduct, or that [Mr. Guthrie] suffered any prejudice as a result of the conduct of the arbitrator."

We affirm.

## BACKGROUND

After the death of Mr. Guthrie's mother, he asserted a claim in arbitration that her death was caused by Kaiser's malpractice. An arbitration award was rendered in favor of Kaiser in 2007. That award is not part of the record of this appeal. The parties disagree as to what happened in that first arbitration. It appears to be undisputed, however, that Mr. Guthrie did not call an expert to testify in support of his malpractice claim, contending that was unnecessary since his mother's medical records established as a matter of common understanding that Kaiser's malpractice caused her death.

Other proceedings ensued. The parties disagree about the number of subsequent arbitration demands Mr. Guthrie made, and we need not decide how many there were. The arbitration in dispute in this appeal commenced when Mr. Guthrie filed a demand for arbitration dated January 16, 2013. In the demand for arbitration, Mr. Guthrie sought to "impeach" the findings and order of an arbitrator dated November 28, 2012, which Mr. Guthrie asserted were obtained by fraud. The November 28, 2012 findings and order are not part of the record of this appeal.

In this arbitration, Mr. Guthrie filed a motion for summary judgment with the arbitrator. Kaiser filed a motion to dismiss the arbitration. Neither motion is a part of the record on appeal. The arbitrator did not issue a ruling on Mr. Guthrie's motion for summary judgment. Instead, on November 5, 2013, the arbitrator granted Kaiser's

2

motion to dismiss, reasoning that Mr. Guthrie's fraud claim amounted to a claim that his interpretation of his mother's medical records was the only correct one, and everyone else's contentions otherwise were fraudulent. The arbitrator found Mr. Guthrie was again asserting medical malpractice, and his claim was barred by the statute of limitations, res judicata and collateral estoppel.

As a result of Mr. Guthrie stating that he would continue to file claims for arbitration alleging fraud until Kaiser admitted the truth of its negligence in treating his mother, the arbitrator also ordered that, before Mr. Guthrie or any of his family members could file any more claims arising from Mrs. Guthrie's death, he or she must submit the basis for the claim to the Office of the Independent Administrator, who was ordered to notify the arbitrator that a claim had been filed. The arbitrator instructed that no claim for fraud or negligence should be allowed to proceed. The arbitrator further instructed Mr. Guthrie to take up the filing of any other claim with the Los Angeles Superior Court, which had already declared him a vexatious litigant.

On December 9, 2013, Kaiser filed a petition to confirm the arbitration award. Mr. Guthrie opposed the petition and asked the court to vacate the award. The court granted Kaiser's petition and denied Mr. Guthrie's request to vacate the award by minute order dated March 26, 2014.

This appeal followed.

## DISCUSSION

The grounds for vacating or correcting a contractual arbitration award are set forth in Code of Civil Procedure sections 1286.2 and 1286.6. Mr. Guthrie contends the arbitration award should have been vacated on two alternative grounds: (1) the award was "procured by corruption, fraud or other undue means" (§ 1286.2, subd. (a)(1)); and (2) the rights of a "party were substantially prejudiced by . . . the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title" (§ 1286.2, subd. (a)(5)).

"On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard. [Citations.] To the

3

extent that the trial court's ruling rests upon a determination of disputed factual issues, we apply the substantial evidence test to those issues." (*Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 892, fn. 7; accord, *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217.)

As stated above, the trial court found there was no basis in the record on which to rest a finding that the award was procured by fraud or undue means, or that Mr. Guthrie was prejudiced by the arbitrator's refusal to hear evidence. We have reviewed the record and agree with the trial court.

The clerk's transcript includes the briefs and exhibits Mr. Guthrie filed in opposition to the petition to confirm the arbitration award, and pleadings Mr. Guthrie filed in response to the court's order to show cause why the case should not be dismissed after the court had confirmed the arbitration award. We granted Kaiser's motion to augment the record to include the petition to confirm the arbitration award.

The record and Mr. Guthrie's briefs on appeal demonstrate his strong and unwavering belief that the medical records prove Kaiser's malpractice led to his mother's death, and that anyone who reads them must come to this incontrovertible conclusion. The record includes pertinent medical reports concerning Mrs. Guthrie and documents from Medicare, the Department of Public Health, Dr. Bruce Tang (Mrs. Guthrie's rheumatologist for many years), and the expert Marvin Pietruszka, M.D., J.D. In response to Mr. Guthrie's request for written reassurance that the arbitrator would disclose any bias, the arbitrator wrote a letter to the parties stating, among other things, that he would accept as true the parties' stipulation that the medical records of Mrs. Guthrie are true and correct. The arbitrator's letter is among the exhibits in the record, along with one page of a pleading and one page of a letter, both written by Kaiser's counsel, stipulating that Mrs. Guthrie's medical records are true and correct and speak for themselves.

But, Mr. Guthrie contends, the arbitrator's stated acceptance of the medical records as true and correct was a fraud, as demonstrated by the portion of the arbitration award stating that the medical records are subject to "different interpretations by [their]

4

different readers." Mr. Guthrie contends the arbitrator failed to disclose his true belief that the medical records are subject to different interpretations, and he misrepresented that he would accept as true any stipulation that the medical records are true and correct. Mr. Guthrie contends the medical records are "absolute proof of what took place with Mrs. Guthrie," but the arbitrator "showed . . . complete disinterest" in the truth of the records and covered up the documented facts, which is proof of fraud and bias against Mr. Guthrie. Mr. Guthrie explains, "It is a clear lack of integrity to refuse to concede the truth and the facts in this matter and by so doing claim that this now 'medical malpractice claim' is barred by the statute of limitations and the doctrines of res judicata and collateral estoppel."

We are not persuaded there is any evidence of fraud or undue influence. Rather, Mr. Guthrie's argument amounts to a claim the arbitrator wrongly decided his claim was barred by the statute of limitations, res judicata and collateral estoppel. An arbitration award may not be vacated on that basis. It is well settled an arbitration award is subject to *limited* judicial review. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11-12 (*Moncharsh*).) "Courts may not review either the merits of the controversy or the sufficiency of the evidence supporting the award. [Citation.] Furthermore, with limited exceptions, '. . . an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.' [Citation.]" (*Cal. Faculty Association v. Superior Court* (1998) 63 Cal.App.4th 935, 943-944; accord, *Moncharsh*, *supra*, at pp. 6, 11-12.)

Mr. Guthrie also contends the arbitrator's finding that res judicata and collateral estoppel barred his claim amounts to a refusal to hear material evidence. The legal consequence of the bar of res judicata and collateral estoppel is that claims will not be retried. Again, this argument amounts to a claim that the arbitrator wrongly decided that legal issue, which we cannot consider. (*Moncharsh*, *supra*, 3 Cal.4th at pp. 6, 11-12.)

Mr. Guthrie filed a motion for summary judgment before Kaiser filed a motion to dismiss the claim in arbitration. The arbitrator decided Kaiser's motion to dismiss without holding a hearing on Mr. Guthrie's motion for summary judgment. Mr. Guthrie

5

contends by so doing, the arbitrator refused to consider evidence to Mr. Guthrie's prejudice. The arbitrator, like a court, may decide the order in which issues are heard. There was nothing wrong with the arbitrator deciding the motion to dismiss before the summary judgment motion. And there was nothing wrong with the arbitrator deciding the dismissal made it unnecessary to reach the merits of the summary judgment motion.

## DISPOSITION

The order dated March 26, 2014, confirming the arbitration award and denying the petition to vacate, is affirmed. Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group shall recover their costs of appeal.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.


RUBIN, J.